# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 18-CR-3058-CJW-MAR |
| vs. | **ORDER** |
| RONALD WILLIS, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court on defendant's Motion for Revocation of Detention Order, filed on January 28, 2019. (Doc. 54). The government did not file a resistance. For the following reasons, the Court **denies** the motion.

## II. RELEVANT BACKGROUND

On December 19, 2018, a grand jury returned an indictment charging defendant with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc.1, at 1–2). On January 9, 2019, defendant appeared before the Honorable Mark A. Roberts, United States Magistrate Judge, for an initial appearance and arraignment. (Doc. 21). On January 14, 2019, defendant appeared in court with his attorney, Raphael M. Sheetz, for a detention hearing before Judge Roberts. (Doc. 40). Special Assistant United States Attorney Patrick T. Greenwood and Assistant United States Attorney Dan Chatham represented the government. (*Id.*). At the conclusion of the hearing, Judge Roberts ordered defendant detained and entered an order to that effect on January 15, 2019. (Doc. 43).

## III. STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3145(b), defendants may file a motion for revocation of

a detention order when they are ordered detained "by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court." A defendant may file such a motion "with the court having original jurisdiction over the offense" and the court must determine the motion "promptly." 18 U.S.C. § 3145(b). Courts review Section 3145(b) motions de novo. *See United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc). The court is required to detain a defendant prior to trial if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). A finding "that no condition or set of conditions . . . will reasonably assure the defendant's appearance" must be supported by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (emphasis omitted). In contrast, "[t]he facts the [court] uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f).

## IV. ANALYSIS

In the motion for review, defendant claims that Judge Roberts erred in finding that defendant poses a risk of flight and a danger to the community. (Doc. 54, at 4–8). Defendant further asserts that Judge Roberts incorrectly applied the rebuttable presumption of danger under 18 U.S.C. § 3142(e) to the offense of felon in possession of a firearm. (*Id.*, at 3). First, the Court notes that defendant is correct that the rebuttable presumption of danger under 18 U.S.C. § 3142(e) does not apply to the offense with which defendant is charged. Nevertheless, after conducting a de novo review of the record, including the Pretrial Services Report (Doc. 36) and the transcript of the detention hearing (Doc. 59), the Court finds that detention is appropriate in this case for the following reasons.

The Court first considers the nature and circumstances of the alleged offense, including whether the offense involved violence or a firearm. *See id*. § 3142(g)(1). The indictment charges defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc.1, at 1–2). Although there are no allegations that defendant used the firearms in the commission of another crime, and the rebuttable assumption of danger may not be applied here, the Court finds that the nature and circumstances of the alleged offense weigh in favor of detention. The Court shares Judge Roberts' concerns regarding the way in which the stolen gun was discarded. (*See* Doc. 59, at 63, 69). The conduct—attaining a stolen, 50–caliber handgun, and discarding it near a construction business in order to avoid arrest—may not involve overt, intentional violence, but does involve reckless behavior and poor decision-making that poses a danger to the community.

Second, the Court considers the weight of the evidence against defendant. *See* 18 U.S.C. § 3142(g)(2). Some of the available evidence clearly weighs against defendant. At the hearing, Division of Narcotics Enforcement Special Agent Matthew Anderson testified that two subjects told investigators that defendant purchased the 50–caliber handgun found in the ditch with a ball of methamphetamine. (Doc. 59, at 21–22). Additionally, Special Agent Anderson testified that a third witness claimed she received a text from defendant "stating that the weapon had to be thrown out of the window" because police officers were driving behind defendant. (Doc. 59, at 22). This third witness freely offered this information to investigators before they asked any questions regarding the discarded handgun. (Doc. 59, at 42).

The Court recognizes that the available evidence against defendant is exclusively testimonial in nature. Defendant was not found in possession of the two stolen firearms he was alleged to have bought. (Doc. 59, at 32). Additionally, the credibility of two of the witnesses could be called into question because their testimony as to who provided

defendant with the gun differs. (Doc. 59, 33–34). Ultimately, because the witnesses' assertions that the gun was sold to defendant are the same, the evidence still weighs against defendant. Considered as a whole, the evidence against defendant is strong enough the Court finds that this factor weighs in favor of detention.

Third, the Court considers the history and characteristics of defendant. 18 U.S.C. § 3142(g)(3). The Court's primary concern is defendant's criminal history. Defendant has nineteen known prior convictions. (Doc. 36, at 4-9). His criminal history reflects past noncompliance with supervision and parole violations. Defendant committed seven offenses while on probation or while other charges were pending. (*Id.*).[1] Defendant's criminal violations during his youth included forgery, larceny and 3rd degree theft. (Doc. 36, at 4-5). Between the ages of 41 and 60, however, defendant was convicted of multiple and repeated driving offenses and substance abuse-related violations. (Doc. 36, at –9). Although many of these convictions were for driving offenses and each offense alone may not be particularly serious, considered together they demonstrate that defendant has little regard for the law and is a recidivist. The Pretrial Services Report further reflects that defendant has been a regular user of illegal controlled substances since 1993, during which defendant repeatedly drove without, or with a suspended, driver's license. Of particular concern are defendant's multiple driving while intoxicated convictions (1986, at age 27; 2000, at age 42; and 2004, at age 46). (Doc. 36, at 5-7). Driving while under the influence of drugs or alcohol poses a serious danger to the community. More troubling, however, are defendant's convictions beginning at age 57 relating to controlled substances. In addition to the evidence relating to defendant's current charges, which involve a confluence of firearms and drugs, the Court is convinced that defendant's

---

[1] Defendant argues that several charges that were brought while others were pending or when he was on parole were dismissed. (Doc. 54, at 6). The Court here has counted only those charges that resulted in convictions. (Doc. 36, charges 2, 4, 7, 13, 15, 24 and 26).

4

criminal history shows that he poses an increasing risk of danger to the community.

Additionally, defendant's recent history indicates that he is a flight risk. Though the charge was ultimately dismissed, defendant's flight from Freeborn County, MN after being charged with felony aiding an offender is concerning. (*Id.*, at 8). While on probation and under the supervision of the Iowa Department of Corrections in August, 2018, defendant violated his parole by four times failing to report to his officer, possessing drug paraphernalia and ammunition in his home, failing to follow his officer's instructions and providing the officer false information, changing residence without permission, associating with a known felon, and failing to continue his substance abuse treatment. (*Id.*, at 9). Further, defendant is unemployed and there is not a clear residence that would be suitable for defendant to stay if released. (*Id.*, at 2). Defendant argues that he could live with Christina Zacharias, but Ms. Zacharias indicated that defendant "could reside with her for a couple weeks." (Doc. 36, at 2). Further, it appears that this time limit is related to the expected return of her husband, who is not a citizen of the United States. (*Id.*). It is further noteworthy that defendant had reported falsely to his state probation officer that he was residing in Hampton, Iowa, when he was actually residing with Ms. Zacharias. (*Id.*). Based upon defendant's recent conduct and his history, the Court finds that there are no conditions or combination of conditions that could be imposed to which defendant would comply and appear as required before the Court. Therefore, the Court finds that factor three weighs in favor of detention.

Fourth, the Court considers "the nature and seriousness of the danger to any person or the community that would be posed by [defendant's] release." 18 U.S.C. § 3142(g)(4). Defendant is correct that no presumption in favor of detention arises in this case, and the government bears the burden of proving by clear and convincing evidence that defendant poses a danger to the community. *See id.* § 3142(e), (f). Defendant does not have any convictions for violent crimes or a history of violent

behavior. As noted by the Court, however, the circumstances of the charged conduct reflects defendant's reckless behavior that posed a danger to the community. Defendant's frequent use of illegal controlled substances, repeated convictions for driving a vehicle under the influence of alcohol or drugs, combined with his recent behavior and attempts to purchase illegal firearms, indicate that defendant would pose a danger to the community if released.

After considering all of the factors listed in 18 U.S.C. § 3142(g), the Court finds that the government has proven by clear and convincing evidence that defendant is a danger to the community, and has proven by a preponderance of the evidence that defendant is a risk of flight and "that no condition or combination of conditions will reasonably assure [defendant's] appearance as required. . . ." 18 U.S.C. § 3142(e)(1).

## V. CONCLUSION

In light of the foregoing, defendant's Motion for Review of Detention Order is **denied**. Defendant shall remain in the custody of the United States Marshals Service pending further order of the Court.

**IT IS SO ORDERED** this 6th day of February, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa